# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * *
KRISTINA RIES, on behalf of her    *
deceased minor child,    *
NICKOLAS RIES,    *      No. 14-1104V
   *
         Petitioner,    *      Special Master Christian J. Moran
   *
v.    *      Filed: August 12, 2015
   *
SECRETARY OF HEALTH    *      Dismissal; influenza ("flu")
AND HUMAN SERVICES,    *      vaccine; death; insufficient proof.
   *
         Respondent.    *
* * * * * * * * * * * * * * * * * * * *

Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Ryan Pyles, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

       Kristina Ries filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa—10 through 34 (2012), on November 13, 2014. In her petition, Ms. Ries alleged that her minor child, Nickolas Ries, suffered an adverse reaction to the influenza ("flu") vaccine he received on December 11, 2012, and subsequently died as a result. The information in the record, however, does not show entitlement to an award under the Program.

## I.    Procedural History

       On November 13, 2014, Kristina Ries, on behalf of her minor child, Nickolas Ries, filed a petition alleging that Nickolas's death was caused-in-fact by

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa—12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

an influenza ("flu") vaccine he received on December 11, 2012. No medical records were filed with the petition as required by 42 U.S.C. § 300aa—11(c). Ms. Ries filed an affidavit and medical records in support of her petition on December 3, 2014, (exhibits 1-6), followed by a statement of completion on December 16, 2014.

On February 3, 2015, respondent filed a Rule 4(c) report in which she concluded that Ms. Ries failed to fulfill the criteria for a Vaccine Table injury and failed to demonstrate by a preponderance of the evidence that Nickolas's death was caused-in-fact by the influenza ("flu") vaccine he received on December 11, 2012. Resp't's Rep. at 5. Respondent noted that Ms. Ries has not provided sufficiently reliable evidence of causation that satisfies the elements of Althen, required to establish a prima facie case that the influenza ("flu") vaccination could have caused and in fact did cause Nickolas's death. Id. at 5 (citing Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005)).

On February 10, 2015, Ms. Ries was ordered to file an expert report by April 20, 2015. On May 20, 2015, Ms. Ries filed an expert report by Dr. David Axelrod (exhibit 12). A status conference was held on May 29, 2015, to discuss petitioner's expert report and a deadline was set for respondent to file a responsive report.

On July 16, 2015, before respondent's expert report was due, Ms. Ries moved for a decision dismissing her petition. In her motion, Ms. Ries stated that "an investigation of the facts and science supporting the case as medical records were received has demonstrated to Petitioner that she will likely be unable to meet her burden of proof and establish that she is entitled to compensation in the Vaccine Program." Pet'r's Mot. for Dec. at ¶2.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). An examination of the record did not uncover any evidence that Nikolas suffered a "Table Injury."

Under the Act, petitioners may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either

medical records or by the opinion of a competent physician. § 300aa—13(a)(1). In this case, because the medical records do not support Ms. Ries's claim, a medical opinion must be offered in support. Although Ms. Ries has provided an opinion from Dr. Axelrod, she has determined that she will be unable to meet her burden of proof to establish she is entitled to compensation.

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master